IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

STACY BAKER,　　　　　　　　　　*

　　　Plaintiff,　　　　　　　　　*

　　　v.　　　　　　　　　　　　 *   Civil Action No.: RDB-07-824

KENT COUNTY BOARD OF　　　　　　 *
EDUCATION, *et al.*

　　　Defendants.　　　　　　　　*

\*　\*　\*　\*　\*　\*　\*　\*　\*　\*　\*　\*　\*

## MEMORANDUM OPINION

Plaintiff Stacy Baker ("Baker" or "Plaintiff") initiated this civil rights lawsuit against Defendants Kent County Board of Education ("the Board"), Board members John Larrimore ("Larrimore"), Allan Hanifee ("Hanifee"), Brian Kirby ("Kirby"), Sandra Brown ("Brown"), Lamonte Cook ("Cook"), and Assistant Superintendent Joan Buffone ("Buffone") (collectively, "Defendants"), as well as the Bonnie Ward, both individually and as the Superintendent of the Kent County Board of Education. Pending before this Court is the Motion to Dismiss Counts II, III, and IV filed by the Defendants Larrimore, Hanifee, Kirby, Brown, Cook, Buffone, and the Board[1] pursuant to Rules 12(b)(1) and (6)[2] of the Federal Rules of Civil Procedure and Plaintiff's Motion for Leave to File Amended Complaint pursuant to Rule 15(a) and Local Rule 103.6 of this Court. Defendants only oppose the amendment of the Complaint to the extent Plaintiff seeks

---

[1] Defendant Bonnie Ward did not join in the Motion to Dismiss and has not moved to dismiss Count I in which she is named as the sole defendant.

[2] Although Defendants additionally list Rule 12(b)(2) as a basis for dismissal, they fail to allege any arguments why this Court lacks personal jurisdiction over them.

to add a fifth cause of action for injunctive relief.  The issues have been fully briefed by the parties and no hearing is necessary.  *See* Local Rule 105.6 (D. Md. 2004).  For the reasons stated below, Defendants' Motion to Dismiss is GRANTED as to Count III but DENIED as to Counts II and IV, and Plaintiff's Motion to Amend is GRANTED but DENIED as to adding a fifth count for injunctive relief.

## BACKGROUND

These facts are alleged in the Complaint and proposed Amended Complaint.  Plaintiff Stacy Baker was a teacher for Rock Hall Elementary School in Kent County, Maryland.  On March 24, 2006, she was ordered to stop teaching and report to the Kent County Board of Education building in Chesterstown, Maryland, to meet with Superintendent Bonnie Ward ("Ward").  Baker claims she was not informed why she was called to the facility.  Once she arrived, she was allegedly subjected to interrogation by a Board attorney for several hours without being permitted to use the phone, talk to her own attorney, contact her family, or eat lunch.  On March 28, 2006, she was again summoned to the Board's facility where she was further questioned.  She claims that Assistant Superintendent Joan Buffone accused her of being untruthful and threatened to suspend her for lying.  A few days later, Baker allegedly learned that she was "being implicated in a scheme to violate the Maryland State Board of Education's testing standards." (Compl. ¶ 18.)

In the next few days, Superintendent Ward issued a press release and sent a letter to the parents of Rock Hall Elementary School stating that three teachers were found guilty of violating the Maryland School Assessment testing procedures.  On March 31, 2006, Ward sent a letter to Baker notifying her that she was suspended without pay and recommended for termination as a

2

result of participating in the alleged violations of Maryland's testing procedures.

On April 11, 2006, Ward notified Baker that her suspension was lifted and that she was on paid administrative leave. After requesting a formal hearing on the charges against her, Baker was informed by Hanifee that being on administrative leave "nullified her right to a hearing on her suspension appeal." (Pl.'s Mem. Supp. Mot. Amend Compl. 6.) In May of 2006, Ward notified Dr. Nancy Grasmick ("Dr. Grasmick"), the Maryland State Superintendent of Schools, requesting that Baker be suspended from teaching for a year. On June 27, 2006, Baker received written notification that Ward was recommending to the Board that she be terminated and that she had a right to a hearing on that recommendation.

In July of 2006, Anthony Pack ("Pack") replaced Ward as the Superintendent for the Kent County Board of Education. On July 11, 2006, he said that Baker would be given a second-class teaching certification for the 2006-2007 school year. Pack also rescinded Ward's prior request to Dr. Grasmick regarding the revocation of Baker's teaching certificate.

Baker filed the instant action on March 30, 2007, alleging four claims. Count I alleges that Bonnie Ward deprived Baker of her civil rights, in violation of 42 U.S.C. § 1983. Count II alleges that the Board and its members, John Larrimore, Allan Hanifee, Brian Kirby, and Sandra Brown, as well as Ward, violated her civil rights in violation of 42 U.S.C. § 1983. In Count III, Plaintiff asserts a cause of action for defamation under Maryland law against all named Defendants. Finally, Count IV[3] alleges that all named Defendants intentionally inflicted emotional distress upon her. Defendants Larrimore, Hanifee, Kirby, Brown, Cook, and Buffone

---

[3] Count IV was improperly labeled "Count VI" in the original Complaint, but that mistake was corrected in the proposed Amended Complaint.

filed the subject Motion to Dismiss on June 26, 2007.  (Paper No. 7.)  Defendants argue that Counts II, III, and IV should be dismissed as against the Board as well as the Board members and Buffone, in their official capacities, because they are not "persons" subject to suit under § 1983.  They also argue that Counts II, III, and IV should be dismissed as against the Board members and Buffone, in their individual capacities, because the Complaint fails to state a claim upon which relief can be granted.  Finally, Defendants argue that Counts II and III should be dismissed as against the Board members and Buffone in their individual capacities, because they enjoy absolute statutory immunity pursuant to the Paul D. Coverdell Teacher's Protection Act of 2001, 20 U.S.C. §§ 6731, *et. seq.*, and section 5-518 of the Courts and Judicial Proceedings article of the Maryland Annotated Code.

On July 17, 2007, in the same submission as its response in opposition to the Defendants' Motion to Dismiss, Plaintiff filed a Cross Motion for Leave to File an Amended Complaint.  (Paper No. 9.)  Plaintiff's motion seeks to (1) withdraw all claims against the Board, (2) withdraw Count II as to the individual Defendants in their official capacities, and (3) add a fifth claim for prospective injunctive relief.

STANDARD OF REVIEW

**I.     Motion to Dismiss Pursuant to Rule 12(b)(1)**

Defendants first move to dismiss Plaintiff's case for lack of subject matter jurisdiction pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure.  "The plaintiff bears the burden of proving that subject matter jurisdiction properly exists in the federal court." *Biktasheva v. Red Square Sports, Inc.*, 366 F. Supp. 2d 289, 294 (D. Md. 2005).  A court may "consider evidence outside the pleadings" in a 12(b)(1) motion to determine if it has jurisdiction

over the case. *Richmond, Fredericksburg & Potomac R.R. Co. v. United States*, 945 F.2d 765, 768 (4th Cir. 1991). "The court should grant the 12(b)(1) motion only if the material jurisdictional facts are not in dispute and the moving party is entitled to prevail as a matter of law." *Biktasheva*, 366 F. Supp. 2d at 294 (quoting *Richmond*, 945 F.2d at 768).

## II.     Motion to Dismiss Pursuant to Rule 12(b)(6)

Defendants next seek to dismiss Plaintiff's action pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. In reviewing the complaint, the court accepts all well-pleaded allegations of the complaint as true and construes the facts and reasonable inferences derived therefrom in the light most favorable to the plaintiff. *Venkatraman v. REI Sys., Inc.*, 417 F.3d 418, 420 (4th Cir. 2005); *Ibarra v. United States,* 120 F.3d 472, 473 (4th Cir. 1997); *Mylan Labs., Inc. v. Matkari*, 7 F.3d 1130, 1134 (4th Cir. 1993). Rule 8(a)(2) of the Federal Rules of Civil Procedure requires only a "short and plain statement of the claim showing that the pleader is entitled to relief." *Migdal v. Rowe Price-Fleming Int'l Inc.,* 248 F.3d 321, 325-26 (4th Cir. 2001); *see also Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 513 (2002) (stating that a complaint need only satisfy the "simplified pleading standard" of Rule 8(a)). The Supreme Court recently noted that a complaint need not assert "detailed factual allegations" but must contain "more than labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Bell Atl. Corp. v. Twombly*, 127 S. Ct. 1955, 1964-65 (2007). The Court further held that "once a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations in the complaint." *Id*. at 1969. Thus, a complaint need only state "enough facts to state a claim to relief that is plausible on its face." *Id*. at 1974.

## III.    Motion to Amend a Complaint

A plaintiff may amend his or her complaint once "as a matter of course at any time before a responsive pleading is served" or "by leave of court or by written consent of the adverse party." Fed. R. Civ. P. 15(a). Rule 15(a) requires that leave "shall be freely given when justice so requires." In *Foman v. Davis*, 371 U.S. 178 (1962), the Supreme Court enumerated certain factors to guide federal district courts in making a determination with respect to granting leave to amend a complaint. The Court noted that, "[i]n the absence of any apparent or declared reason—such as undue delay, bad faith or dilatory motive . . . undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc.—the leave sought should, as the rules require, be 'freely given.'" *Id.* at 182.

The United States Court of Appeals for the Fourth Circuit recently held that Rule 15 "gives effect to the federal policy in favor of resolving cases on their merits instead of disposing of them on technicalities." *Laber v. Harvey*, 438 F.3d 404, 426 (4th Cir. 2006). The court also held that "leave to amend a pleading should be denied only when the amendment would be prejudicial to the opposing party, there has been bad faith on the part of the moving party, or the amendment would have been futile." *Id.* at 427; *see also Sciolino v. City of Newport News*, 480 F.3d 642, 651 (4th Cir. 2007).

## ANALYSIS

Defendants Kent County Board of Education, Board members John Larrimore, Allan Hanifee, Brian Kirby, Sandra Brown, Lamonte Cook, and Assistant Superintendent Joan Buffone have moved to dismiss Counts II, III, and IV of the Complaint against them.[4] Plaintiff Stacy

---

[4] As Bonnie Ward did not join in the Defendants' Motion to Dismiss or file a motion of her own, the claims against her contained in all four counts remain intact at this time.

Baker has also moved to amend her Complaint. Because the amendment of the Complaint would resolve some of the Defendants' arguments for dismissal, Plaintiff's motion will be discussed first.

## I.     Motion to Amend the Complaint

In her Motion to Amend the Complaint, Plaintiff first seeks to withdraw (1) all claims against the Board, and (2) Count II with respect to the Board Members and Buffone in their *official* capacities. (Pl.'s Mem. Supp. Mot. Amend Compl. 1-2.) The Defendants do not oppose these two requests. Accordingly, Plaintiff's Motion for Leave to File an Amended Complaint is GRANTED with respect to the withdrawal of those claims.

Plaintiff next seeks to add a fifth claim for injunctive relief pursuant to 42 U.S.C. § 1983 against the Board members as well as Bonnie Ward.[5] Specifically, she wants to prohibit the Defendants from (1) suspending Kent County teachers without prior notice and a hearing, (2) depriving Kent County teachers of their procedural and substantive due process rights, including the right to counsel during an investigation, and (3) isolating or threatening any Kent County teacher with suspension during an investigation. (*See* Pl.'s Mem. Supp. Mot. Amend Compl. Ex. B.) Defendants contend that this fifth claim would be futile under *Foman* and *Laber* because Plaintiff lacks standing as to the constitutional rights of other Kent County teachers, "there are already adequate legal and administrative remedies in place protecting teachers and other employees," and the Board members do not make the kind of employment decisions Plaintiff

---

[5] The proposed amended complaint names only four of the five Board members in the heading of "Count V": John Larrimore, Allan Hanifee, Brian Kirby, and Sandra Brown. (*See* Pl.'s Mot. Amend Compl. Ex. B, at 17.) However, Defendant Lamonte Cook is referred to in the body of the text.

seeks to enjoin. (Defs.' Opp'n Mot. Amend Compl. 2-4.)

A proposed amendment to a complaint is futile when it "is clearly insufficient or frivolous on its face." *Johnson v. Oroweat Foods Co.*, 785 F.2d 503, 510 (4th Cir. 1986). In this case, it is clear that Baker does not have standing to seek prospective injunctive relief on behalf of other teachers as to their constitutional rights under the three-part test articulated in *Lujan v. Defenders of Wildlife*, 504 U.S. 555 (1992) (holding that, in order to have standing, a plaintiff must demonstrate an injury in fact, causation, and redressability).[6] Even if she had demonstrated standing, Baker has not shown how the existing remedies provided by Maryland law would be insufficient to provide teachers due process. Ordinarily, teachers can appeal an adverse employment decision to the State Board of Education, request a *de novo* hearing before an administrative law judge in the Maryland Office of Administrative Hearings, and ultimately appeal an adverse decision to a state circuit court. *See* COMAR 13A.01.05.01, *et seq*. (2007). In this case, Baker opted not to pursue her right to appeal by withdrawing her request for a hearing. (*See* Defs.' Opp'n Mot. Amend Compl. Ex. 1.) Thus, Baker has not demonstrated that this appeals process would not provide an adequate remedy in the future if a teacher's due process rights were violated. Finally, there is no indication that the individual Board members would have the authority over the enforcement of the teacher's manual or the investigatory process. As described in the Complaint, during the investigation at issue in this case, Bonnie Ward, the Superintendent of Kent County schools, made most of the decisions concerning the investigation and Baker's suspension, not the Board members. Thus, ordering injunctive relief in the manner

---

[6] Defendants note that the proper party to bring an action on behalf of all teachers would be the Kent County Teachers Association, an affiliate of the Maryland State Teachers Association. (Defs.' Opp'n Mot. Amend Compl. 4 (citing Md. Code Ann., Educ. § 6-404(a).)

requested by Plaintiff would be futile. Accordingly, Plaintiff's Motion for Leave to File Amended Complaint is DENIED as to her request to add a fifth count seeking injunctive relief.

## II.     Motion to Dismiss

Defendants have moved to dismiss Counts II, III, and IV on various grounds. As the Plaintiff has voluntarily withdrawn all claims against the Board as well as Count II with respect to the Board members and Buffone in their official capacities, the Defendants' arguments as to those issues are MOOT. The remainder of Defendants' arguments will be addressed in turn.

### A.      Count II - 42 U.S.C. § 1983

Plaintiff has voluntarily dropped her claim against the Board as to Count II. The Defendants Larrimore, Hanifee, Kirby, Brown, Cook, and Buffone have moved to dismiss Count II against them in their individual capacities. Under § 1983, a plaintiff must establish three elements to state a cause of action: "(1) the deprivation of a right secured by the Constitution or a federal statute; (2) by a person; (3) acting under color of state law." *Jenkins v. Medford*, 119 F.3d 1156, 1159-60 (4th Cir. 1997). It is clear that a suit could be maintained against the Board members and Buffone in their *individual* capacities. *See Hafer v. Melo*, 502 U.S. 21, 25 (1991) ("[T]o establish personal liability in a § 1983 action, it is enough to show that the official, acting under color of state law, caused the deprivation of a federal right.") (citation and internal quotation marks omitted). However, Defendants contend that the Complaint does not identify what acts the Board members, in particular, performed under color of law that violated Plaintiff's constitutional rights.[7] (Defs.' Mem. Supp. Mot. Dismiss 8.) They argue not only that the

---

[7] Defendant Buffone is named in several places as "harass[ing] and ridicul[ing]" Baker during the investigation as well as writing a letter to the State Test Security Office regarding the alleged violations of testing procedures. (Compl. ¶¶ 17, 23.) Thus, Defendants' argument does

9

Complaint alleges that Superintendent Ward made all of the decisions to investigate, suspend, and recommend Baker for termination, but also that sections 6-201 and 6-202 of the Education article of the Maryland Annotated Code authorize only the Superintendent to make such decisions. (*Id.*) Thus, Defendants contend, the individual Board members could not have been acting under color of state law during the investigatory process.

It is true that the Complaint does not always identify the actors who allegedly deprived Plaintiff of her due process. For example, it is unclear exactly which individual(s) denied her access to food, a telephone, or her counsel during the investigation. However, under Rule 8(a), a Complaint need only state "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 127 S. Ct. 1955, 1974 (2007). Baker may not know who made all of the decisions that led to the events of which she complains. Thus, at this early stage in the case, she has sufficiently stated a claim under § 1983 upon which relief may be granted. Accordingly, Defendants' Motion to Dismiss is DENIED with respect to the Board members' and Buffone's individual liability in Count II.

  **B.  Count III - Defamation**

As to Count III, Defendants Larrimore, Hanifee, Kirby, Brown, Cook, and Buffone argue that Plaintiff has failed to state a claim upon which relief can be granted. Under Maryland law,

> a defamatory statement is one that tends to expose a person to public scorn, hatred, contempt or ridicule. . . . To establish a *prima facie* case of defamation when the plaintiff is not a public figure, the plaintiff must prove: (1) that the defendant made a defamatory communication to a third person; (2) that the statement was false; (3) that the defendant was at fault in communicating the statement; and (4) that the plaintiff suffered harm.

---

not pertain to her, as the Complaint clearly states her alleged actions.

*Murray v. UFCW Int'l, Local 400*, 289 F.3d 297, 305 (4th Cir. 2002) (quoting *Samuels v. Tschechtelin*, 763 A.2d 209, 241-42 (Md. Ct. Spec. App. 2000) (internal quotation marks omitted)). Defendants argue that Baker has failed to meet the *prima facie* elements of a claim for defamation against the Board members and Buffone.

The Complaint identifies several allegedly defamatory publications made by Superintendent Ward. However, as to the Board members and Buffone, Baker claims only that they "assisted and/or acquiesced in the actions, utterances and publications by Defendant Ward. . . ." (Compl. ¶ 60.) At no point in the Complaint does Baker allege that the individual Defendants actually "made" a defamatory statement. She likewise does not state that the statements made were actually false, but rather that "there had never been a formal hearing . . . to establish the validity of those allegations. . . ." (*Id.* ¶ 58.) Also, there is no allegation in the Complaint that the Defendants acted with "fault", that is, with either negligence or actual malice. *See Samuels*, 763 A.2d at 242. Finally, Baker only claims that she and her family suffered damages "[a]s a . . . direct and proximate result of the aforesaid acts of Defendant Ward. . . ." (*Id.* ¶¶ 61-62.) She mentions no damages resulting from any actions of the Board members or Buffone. Accordingly, Plaintiff has failed to meet the *prima facie* elements of a cause of action for defamation against the Board members or Buffone, and Defendants' Motion to Dismiss Count III is GRANTED.[8]

---

[8] Defendants also argue that they enjoy absolute immunity to a defamation suit pursuant to the Paul D. Coverdell Teacher's Protection Act of 2001, 20 U.S.C. §§ 6731, *et. seq.*, and section 5-518 of the Courts and Judicial Proceedings article of the Maryland Annotated Code. (Defs.' Mem. Supp. Mot. Dismiss 14-15.) However, this argument need not be reached as the Plaintiff has failed to state a *prima facie* case.

### C.     Count IV - Intentional Infliction of Emotional Distress

Defendants have moved to dismiss Count IV for failure to state a claim upon which relief can be granted.  In order to state a claim for intentional infliction of emotional distress, Plaintiff must demonstrate that the "defendant[s], intentionally or recklessly, engaged in extreme and outrageous conduct that caused the plaintiff to suffer severe emotional distress."  *Miller v. Bristol-Myers Squibb Co.*, 121 F. Supp. 2d 831, 839  (D. Md. 2000) (citing *Harris v. Jones*, 380 A.2d 611, 614 (Md. 1977)).  Although the test for a cause of action is ultimately "rigorous, and difficult to satisfy," *Kentucky Fried Chicken Nat'l Mgmt. Co. v. Weathersby*, 607 A.2d 8, 11 (Md. 1992), Plaintiff has sufficiently pled each of the elements of the *prima facie* case.  She claims that Defendants denied her access to counsel, a telephone, and food while harassing and isolating her from others during the investigation at the Board of Education building.  (Compl. ¶ 64.)  In addition, Baker alleges that this conduct was intentional and outrageous in light of the fact that no formal charges had been made against her and she was not presented with an opportunity for a hearing to defend herself.  (*Id*. ¶ 65.)  Finally, the Complaint claims that Baker suffered severe emotional and physical pain, including grief and anxiety.  (*Id*. ¶ 69.)

Accordingly, Plaintiff has stated a claim for intentional infliction of emotional distress and Defendants' Motion to Dismiss is DENIED as to Count IV.

### CONCLUSION

For the reasons stated above, Plaintiff's Motion for Leave to File Amended Complaint is GRANTED as to her requests to withdraw claims against the Kent County Board of Education and the Board members and Buffone in Count II, but DENIED as to her request to add a fifth

claim for injunctive relief.  Defendants' Motion to Dismiss is GRANTED as to Count III and DENIED as to Counts II and IV.  A separate Order follows.

 

/s/
Richard D. Bennett
Date: September 10, 2007                                   United States District Judge